IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PIERRE YATES, | ) | CASE NO. 1:11 CV 1271 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in this matter seeking a writ of habeas corpus under 28 U.S.C.
§ 2254[2] is a motion by the State to dismiss the petition as time barred.[3]  *Pro se* petitioner
Pierre Yates has responded in opposition to the State's motion.[4]  For the reasons that follow,
I will recommend granting the State's motion and dismissing the petition.[5]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge
Benita Y. Pearson in a non-document order dated August 15, 2011.

[2] ECF # 1.

[3] ECF # 11.

[4] ECF # 12.

[5] Dismissal of the petition will also render moot pending motions by Yates to waive
the rules governing § 2254 petitions (ECF # 2) and for discovery (ECF # 6).

## Facts

For purposes of adjudicating the present motion, the relevant facts are not extensive. As noted by the State, the Ohio appeals court denied Yates's direct appeal on June 15, 2006.[6] Yates then had 45 days within which to appeal to the Supreme Court of Ohio – or until July 30, 2006.[7]  Since Yates made no appeal, July 30, 2006 is when his direct appeal ended and the federal one-year limitations period began to run.

No further filings occurred for the next 254 days.  Then, on April 11, 2007, Yates appealed[8] the trial court's March 1, 2006 denial[9] of petitioner's February 9, 2006 motion[10] that the court issue findings of fact and conclusions of law in connection with its January 27, 2006 denial[11] of Yates's January 13, 2006  motion to vacate or set aside the judgment.[12] After a remand and subsequent appeal of the trial court's decision that included findings of fact and conclusions of law, this post-conviction process finally concluded on March 4, 2009,

---

[6] ECF # 11 at 17 (citing record).

[7] *Id.*

[8] ECF # 11, Attachment at Ex. 15.

[9] *Id.*, at Ex. 14.

[10] *Id.*, at Ex. 13.

[11] *Id.*, at Ex. 8.

[12] *Id.*, at Ex. 7.

when the appeals court ultimately upheld the trial court's decision to deny the motion to vacate or set aside.[13]

Thus, as the State observes, the habeas limitations period which, as noted, had run for 254 days, again began to run on March 5, 2009.[14]  Although Yates filed a second delayed post-conviction petition on March 10, 2009,[15] that filing was ruled untimely by the Ohio appeals court.[16]  Accordingly, from March 5, 2009, the statute of limitations ran without interruption until it expired 111 days later on June 23, 2009.

Yates attempted to file a delayed motion for a new trial on June 24, 2009 – or one day after the limitations period had ended.[17]  However, on March 18, 2011, the trial court denied the motion.[18]  The appellate court then upheld that decision, expressly noting that Yates had failed to establish by way of clear and convincing proof that there were any reasons why he had been unavoidably prevented from timely filing the motion.[19]

Yates filed the present petition for federal habeas relief on June 20, 2011.[20]

---

[13] *Id.*, at Ex. 25.

[14] ECF # 11 at 18.

[15] ECF # 11, Attachment at Ex. 28.

[16] *Id*. at Ex. 29.

[17] *Id.* at Ex. 30.

[18] *Id*. at Ex. 31

[19] *Id.* at 35.

[20] ECF # 1.

## Analysis

**A.     Standard of review**

*1.     Limitations period and statutory tolling*

28 U.S.C. § 2244(d)(1) provides that the one-year federal habeas limitations period

will begin to run from the latest of several named events:

> (A)     the date the petitioner's judgment became final in the state court by the conclusion of direct review or the date for seeking such review;
>
> (B)     the date on which an impediment to filing created by state action in violation of the Constitution or federal law was removed, provided the petitioner was prevented from filing by such state action;
>
> (C)     the date on which the Constitutional right asserted by the petitioner was initially recognized by the Supreme Court, if the right has been recently recognized and if it has been made retroactive to cases on collateral review; and
>
> (D)     the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244d(2) further provides that the time during which a "properly filed"

application for state post-conviction or other collateral review is pending shall not count

toward the one-year limitations period.

*2.     Equitable tolling*

As the Sixth Circuit recently stated in *Hall v. Warden, Lebanon Correctional*

*Institution*,[21] by virtue of the Supreme Court's 2010 holding in *Holland v. Florida*,[22] it is now

---

[21] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011).

[22] *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549 (2010).

settled that the "AEDPA's limitations period is subject to equitable tolling."[23]  The *Hall* court observed that equitable tolling in habeas cases is to be granted "sparingly"[24] and then only if two requirements are met:  (1) the petitioner must establish that "'that he has been pursuing his rights diligently,'" and (2) "'that some extraordinary circumstance stood in his way and prevented timely filing.'"[25]

*Hall* further noted that this two-part test for equitable tolling pronounced by the Supreme Court in *Holland* "has replaced" the five-part test first articulated in *Dunlap v. United States*,[26] which formerly provided "the governing framework in this circuit for determining whether a habeas petitioner [was] entitled to equitable tolling."[27]  As before *Holland*, the petitioner has the burden of showing that he is entitled to equitable tolling.[28]

Accordingly, as stated by *Hall*, "the 'extraordinary circumstance' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit [as regards equitable tolling]."[29]

---

[23] *Hall*, 662 F.3d at 749 (citing *Holland*, 130 S. Ct. at 2560).

[24] *Id.* (quoting *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)).

[25] *Id.* (quoting *Holland*, 130 S. Ct. at 2562).

[26] *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

[27] *Hall*, 662 F.3d at 750.

[28] *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005).

[29] *Id.*

-5-

In addition to these factors for equitable tolling, the Sixth Circuit, in decisions issued before *Holland*, has held that equitable tolling may be available upon a "credible showing of actual innocence"[30] under the test laid out in *Schlup v. Delo*.[31]  Under this rubric, a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate, through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.[32] To that end, the Sixth Circuit has clarified that actual innocence means factual innocence, not legal insufficiency.[33]

**B.**     **Application of standard – Yates's petition should be dismissed as untimely.**

As related above, the State argues that the present petition is untimely filed because it was filed more than two years after the conclusion of the limitations period.  In particular, the State emphasizes that the limitations period, which ended on June 23, 2009, was not tolled by Yates's filing of a delayed motion for a new trial on June 24, 2009, since that motion was rejected as untimely by the Ohio court.

In such a situation, the State notes, the United States Supreme Court has held that if a state court determines that a post-conviction matter or other collateral proceeding is not "properly filed" under that state's procedural rules, that decision is binding on federal habeas

---

[30] *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005).

[31] *Schlup v. Delo*, 513 U.S. 298 (1995).

[32] *Souter*, 395 F.3d at 590 (citing *Schlup*, 513 U.S. at 327).

[33] *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623-24 (1998)).

courts and the attempted filing cannot serve to toll the habeas limitations statute.[34]  Indeed, as the Supreme Court pointedly observed, to hold otherwise would permit a state prisoner to toll the federal limitations statute at will by simply filing untimely state petitions for post-conviction relief – a situation that would be "quite contrary to the purpose of AEDPA, and open the door to abusive delay."[35]

Here, Yates filed the present petition beyond the one-year limitations period, the untimely 2009 motion for a delayed appeal did not toll that limitation period, and the petition would be time-barred absent some other reason to toll the time period.

Yates does not contest these conclusions.  Rather, he raises three arguments for avoiding the time bar:  (1) that ineffective counsel and Yates's own lack of money to hire counsel caused his untimeliness;[36] (2) that the petition could not have been filed sooner because it relies, in part, on new Ohio statutes that did not become operative until 2008;[37] and (3) that he could not have filed sooner because he needed to completely exhaust his state remedies.[38]  These argument will be considered in sequence.

---

[34] *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

[35] *Id.* at 413.

[36] ECF # 12 at 1-3.

[37] *Id.* at 3-4.

[38] *Id.* at 4-5.

### 1.      *Tolling and ineffective assistance*

In support of the first argument that errors by counsel or lack of counsel resulted in the late filing of Yates's 2009 motion for a new trial, and then, by extension, any untimeliness in filing for habeas relief, he initially cites *State v. Chu*,[39] a 2002 Ohio appellate opinion holding that an otherwise untimely Rule 26(B) filing would be accepted for filing if such an application contained ineffective assistance of counsel claims that, if adjudicated in favor of the applicant, could excuse the late filing.[40]

*Chu* deals with the application of state appellate rules by an Ohio court, and does not bind a federal habeas court applying a federal limitations statute.  The Supreme Court has recently reaffirmed the rule that "negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'"[41]

Further, Yates argues that his limited allowance in prison – ten dollars a month – prevented him from hiring an attorney or from pursuing "all actions to achieve a favorable outcome to his filed legal actions."[42]  But, because no right to counsel attached in this

---

[39] *State v. Chu*, 2002 WL 1308353 (Ohio Ct. App. June 6, 2002).

[40] ECF # 12 at 2.

[41] *Maples v. Thomas*, ___ U.S. ___, 2012 WL 125438, at *1 (2012), citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1971).  Here, although Yates consistently refers to it as a Rule 26(B) application (*see,* ECF # 12 at 2), the motion at issue was to the trial court, not the appeals court, and sought to vacate the sentence, not reopen the appeal.  A motion to vacate the sentence in Ohio is specifically considered by federal habeas courts to be a post-conviction motion for which no right to counsel attaches.  *Fareed v. Shiplevy*, 978 F.2d 1258 (6th Cir. 1992) (table).

[42] ECF # 12 at 3.

instance, any financial impediment to retaining counsel would simply impact Yates's ability to make a discretionary choice and so does not constitute a basis for equitable tolling.

In that regard, as was recently noted by the district court in *Adams v. Palmer*:[43]

> The difficulties with proceeding *pro se* while incarcerated do not warrant [equitable] tolling of the statute of limitations.  Those difficulties are not extraordinary circumstances that stand in the way of filing a timely petition.[44]

## 2.    *Limitations period and new 2008 Ohio statute*

Yates argues here that the Court should excuse the late filing because he could not have filed his petition until after the 2008 passage of a new Ohio statute that, he asserts, provides a basis for four of his habeas claims.[45]  Yates bases this argument on 28 U.S.C. § 2244d(1)(C),[46] which provides that the one-year habeas limitations period might commence on the date on which a Constitutional right relied on by the petitioner was first recognized by the Supreme Court in a decision which permitted retroactive application of that right to the petitioner's case.  So understood, the argument here is not that the one-year limitations period, already begun, was then tolled prior to the 2008 enactment of the Ohio law, but that the federal habeas limitations period did not commence to run at all until that date.

---

[43] *Adams v. Palmer*, 2011 WL 6210103 (E.D. Mich. Dec. 14, 2011).

[44] *Id.*, at *1.

[45] ECF # 12 at 3-4.

[46] Yates actually cites to 28 U.S.C. §§ 2244d(1)(B),(C) and (D).  ECF # 12 at 4.  But only subsection (C) applies to the facts as outlined by Yates.

Yates impermissibly equates a pronouncement of a new Constitutional right by the United States Supreme Court with the enactment or amendment of a state law by a state legislature.  28 U.S.C. § 2244d(1)(C) expressly provides that the habeas limitations period may begin to run when a new Constitutional right has been recognized by the Supreme Court of the United States, and not when a new criminal statute is enacted by a state, even should that new provision be recognized as conferring new benefits to the accused under state law by the state supreme court.[47]  The habeas process looks solely to whether the petitioner is being held in violation of the Constitution and laws of the United States and does not address alleged violations of state law.  Indeed, it is well-settled that to the extent a petitioner's argument merely asserts a purported violation of state law, the petitioner has failed to state a claim upon which the writ may be granted.[48]

Accordingly, the enactment by the Ohio legislature of new state criminal legislation in 2008 had no bearing on the operation of the federal habeas limitations period applicable to Yates.

---

[47] *See*, ECF # 12 at 4.

[48] *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *Danner v. Motley*, 448 F.3d 372, 375-76 (6th Cir. 2006).

-10-

### 3.    *Tolling and exhaustion*

Here, Yates contends that he needed to fully exhaust state remedies on all claims before bringing his federal habeas action, and that he filed that petition "less than a year" after he completed that exhaustion.[49]

Whatever merit this argument may have previously had, the Supreme Court's holding in *Rhines v. Weber*[50] has removed any reason for a habeas petition to be filed late because claims were being exhausted.  *Rhines*, which acknowledged that a petitioner could find himself still needing to exhaust his claims in state court while nearing the end of his one-year habeas limitations period, approved of the practice of timely filing the petition in federal court and then moving to stay consideration of that timely-filed petition until exhaustion in the state court was completed.

Given that the 2005 holding in *Rhines* would have permitted Yates to file his petition in a timely fashion and then obtain a stay of further consideration until his state remedies were exhausted, Yates's delay in filing to exhaust state remedies does not constitute an "extraordinary circumstance" that supports equitable tolling under the *Holland* test.

### 4.    *Actual innocence*

Yates has made no attempt to show that he is actually innocent, and thus provide a potential basis for equitable tolling.

---

[49] ECF # 12 at 4.

[50] *Rhines v. Weber*, 544 U.S. 269 (2005).

## Conclusion

For the foregoing reasons, I recommend that the State's motion to dismiss the petition as untimely[51] be granted, and that the petition[52] be dismissed.  As noted, if this recommendation is adopted, pending motions by Yates to waive the rules[53] and for discovery[54] should be denied as moot.

Dated:  January 27, 2012

s/ William H. Baughman, Jr.
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[55]

---

[51] ECF # 11.

[52] ECF # 1.

[53] ECF # 2.

[54] ECF # 6.

[55] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).